# Exhibit A

# NEW YORK SUPREME COURT
# NEW YORK COUNTY

| | |
|---|---|
| KIMBELEE CODRINGTON, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>- against -<br>THE PROCTER & GAMBLE COMPANY,<br>Defendant. | Index No.<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Kimbelee Codrington ("Plaintiff") through Counsel, alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Until the late nineteenth century, Americans filled their own bottles and sacks, in bulk, at the local dry goods and general store.

2. The frauds encountered related primarily to weights and measures, such as whether a scale was zeroed out, or if the cashier kept his "thumb on the scale."

3. Increasing urbanization, new technologies, and societal changes, resulted in "Packages replacing the salesman."

4. When pitted against unscrupulous and distant canners and packers,

skilled in exploiting "extrinsic cues such as visual information,"[1] the consumer was no match.

5. Research in marketing and psychology confirmed almost ninety percent of the public considered a container's size a key factor in making their decisions.

6. The result was oversized and misshaped containers, filled with air, and smaller quantities of the feed, corn, and oats, than expected.

7. The Department of Weights and Measures then required commodities to disclose "the quantity of the contents," in term of weight, measure, or count.

8. This was little use, because the hurried consumer, lacking literacy, was unaware of the specific gravity, density, and/or potency, of what they were buying.

9. Later, the Legislature required "Fair Packaging and Labeling of Containers," to prevent "false indication of or respecting the number, quantity, weight or measure" of consumer commodities. AGM §§ 193, 194, and 1 N.Y.C.R.R.

---

[1] Lancelot Miltgen et al., "Communicating Sensory Attributes and Innovation through Food Product Labeling," Journal of Food Products Marketing, 22.2 (2016): 219-239; Helena Blackmore et al., "A Taste of Things to Come: The Effect of Extrinsic and Intrinsic Cues on Perceived Properties of Beer Mediated by Expectations," Food Quality and Preference, 94 (2021): 104326; Okamoto and Ippeita, "Extrinsic Information Influences Taste and Flavor Perception: A Review from Psychological and Neuroimaging Perspectives," Seminars in Cell & Developmental Biology, 24.3, Academic Press, 2013; Clement, J., Visual Influence on In-Store Buying Decisions: An Eye-Track Experiment on the Visual Influence of Packaging Design, Journal of Marketing Management, 23, 917-928 (2007); Gupta K, O. et al., Package Downsizing: Is it Ethical? 21 AI & Society 239-250 (2007).



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

§ 259.1(a).[2]

10. To appeal to consumers seeking fiber, and/or a desire for value, by obtaining more of something, not less, The Procter & Gamble Company ("Defendant") manufactures, packages, and/or distributes, orange flavored "Fiber Gummies," with no sugar added, having "5g of fiber per serving," in bottles of "72 Gummies," under the Metamucil brand ("Product").




---

[2] Article 16, Weights and Measures, AGM § 176 *et seq*., Article 17, Adulteration, Packing, and Branding of Food and Food Products, AGM § 198 *et seq*.; 1 N.Y.C.R.R. Part 221 ("Commodities"); Title 1, Department of Agriculture and Markets, Chapter VI, Food Control, Subchapter C, Food and Food Products (Article 17, AGM), including 1 N.Y.C.R.R. § 259.1(a).



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

11. Despite expecting each of the seventy-two gummies would deliver the promised "5g of fiber per serving," the Product is "misbranded,"[3] because the small print "Supplement Facts," on the non-visible side of the bottle, shows the "Serving Size: [is] 3 Gummies."






12. This is confirmed by another non-visible panel, where "Directions"

[3] "Misbranded" is the statutory term for labeling that is false and/or misleading. "Adulterated" is the statutory term meaning to "render (something) poorer in quality by adding another substance, typically an inferior one."



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)


indicate "3 Gummies = (equal)" "One Full Serving," "per day," which means the servings per container is only 24, not 72.




13. The result of this "false indication of or respecting the number, quantity, weight or measure" is that purchasers receive one-third the fiber they expect.

14. This practice was recently observed by Edgar Dworsky, aka "MrConsumer."

15. As part of his efforts "to help educate the public about the catches or



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

'gotchas' in disclaimers," he warned his readers, "Don't Let the Pill Bottle Quantity Fool You."[4]



**Don't Let the Pill Bottle Quantity Fool You**

January 15, 2024 by Edgar (aka MrConsumer)

**When you see the number of pills in a bottle, along with the strength, you reasonably assume that is what will be inside. So a bottle of 100 aspirin that says 325 milligrams should be just that.**

16. Like Plaintiff and other purchasers, "When [they] see the number of pills in a bottle, along with the strength, [they] reasonably assume that is what will be inside. So a bottle of 100 aspirin that says 325 milligrams should be just that."

17. The Product is "misbranded," because despite the front label "declaration of [its] net quantity of contents…expressed in the terms of [] numerical count," "72 Gummies," this fails to "give accurate information regarding [its] net quantity of contents," because instead of seventy-two servings per container, each having 5g of fiber, purchasers get one-third of this quantity, twenty-four. 1 N.Y.C.R.R. § 259.1(a), and AGM § 201(1).

18. As Mr. Consumer said, "Shouldn't the strength of the medication displayed on the front of the bottle be what you get in each pill, capsule, or gummy inside?"

[4] Edgar (aka MrConsumer), Don't Let the Pill Bottle Quantity Fool You, Jan. 15, 2024, MousePrint.org.



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

19. This was why Mr. Consumer, and his many readers, found it insufficient to merely "add the words 'per serving' in small print," to the front label.

Before




After




20. Dworsky knew that "per serving" would not "put prospective purchasers on sufficient notice that you needed to take [multiple gummies] to get the stated amount of calcium."

21. Promoting "5g of fiber per serving," and "72 Gummies," "[impedes] value comparisons by consumers," who will not expect (i) the "Serving Size: [is] 3 Gummies," and/or (ii) the need to take three gummies per day, to get this much fiber. 1 N.Y.C.R.R. § 259.1(a), and AGM § 201(1).

22. Since "the declaration of quantity of contents by numerical count," "72



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Gummies," does not give adequate information as to the true quantity, in terms of the total amount of fiber, the front label was required to combine this with other information, such as disclosures (1) that three gummies were needed to deliver 5 grams of fiber, and/or (2) the container provided twenty-four servings. 1 N.Y.C.R.R. § 221.5(g).

23. Since the servings per container of 24 is not the same as the "net quantity of contents," "72 Gummies," shown on the front label, it is required to be accompanied by, for example, "Serving Size 3 Gummies," "24-day supply," and/or "Take 3 Gummies Per Day." 1 N.Y.C.R.R. § 221.5(g).

24. As the front label "bears a representation as to the number of servings," even without the specific word, "servings," through the statements, "5g of fiber per serving," and "72 Gummies," conveying to consumers they will get seventy-two servings, each with five grams of fiber, it was required to, and/or should have, disclosed, "in immediate conjunction therewith…a statement of the net quantity (in terms of [] numerical count) of each such serving," i.e., "3 Gummies Per Serving," and/or "Take 3 Gummies," to prevent consumers from being misled. 1 N.Y.C.R.R. § 221.5(g).

25. This is how competitor brands of fiber supplements, like GNC, inform purchasers of how much they are really getting, by disclosing on the front label, (i) a nutrient quantity, "6g of fiber," above the statements, "90 Gummies/30-Day



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

Supply," and "Per 3 Gummies," so purchasers will not expect a ninety day supply, and three times as much fiber.




26. The Product is "misbranded," because labeling from competitors shows that statements such as "5g of fiber per serving," and "72 Gummies," are not consistent with any "general consumer usage and trade custom with respect to the terms used in expressing a declaration of quantity of [gummy vitamins]." AGM §



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

201(1), and 1 N.Y.C.R.R. § 221.5(f).

27. The Product is "misbranded," because even if statements such as "5g of fiber per serving," and "72 Gummies," may be consistent with any "general consumer usage and trade custom with respect to the terms used in expressing a declaration of quantity of [gummies]," this declaration does not give accurate and adequate information as to the true quantity, and/or amount, of the gummies, and/or the quantity of fiber. AGM § 201(1), and 1 N.Y.C.R.R. § 221.5(f)

28. New York's Department of Agriculture and Markets ("Ag&Mkts") considers it "deceptive" to not include the quantity per serving, because there is a label representation as to the number of servings, through "5g of fiber per serving," and "72 Gummies," even though this is not explicit, but implied. 1 N.Y.C.R.R. § 221.5.

29. The Product is "misbranded," because even though the front label contains "an accurate statement of the quantity of the contents in terms of weight, measure, and/or numerical count," "72 Gummies," this is not "fully informative," because it does not give adequate information as to the true quantity, requiring a disclosure that three gummies are needed to deliver 5g of fiber. AGM § 193, and 1 N.Y.C.R.R. § 221.5(g) (requiring "Combination declaration," including count, weight, measure, and/or size, unless a declaration of one of these alone "is fully informative.").



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

30. The Product is "misbranded," because even though "Serving Size 3 Gummies" and/or "Take 3 Gummies," were required to appear on the front label, this only is disclosed in the fine print, on non-visible sides, "not prominently placed thereon with such conspicuousness (as compared with other words, statements, designs, or devices, in the labeling) and in such terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use." AGM § 201(6).

31. As a result of the false and misleading representations and/or omissions, the Product is sold at a premium price, approximately $18.99.

32. This price is higher than the Product would be sold for, if it were represented in a non-misleading way.

33. This will, and/or can be, determined through methods including conjoint analysis, choice analysis, choice-based ranking, hedonic pricing, and/or other similar methods, which evaluate a product's attributes, and/or features.

34. By determining the willingness to pay of consumers for products, including the Product at issue, with and/or without the challenged claims, representations, and/or omissions, the value of the challenged claims, representations, and/or omissions, can be reduced to a monetary value.

**JURISDICTION**

35. Plaintiff Codrington is a citizen of New York.



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

36. Plaintiff Codrington is a resident of New York County, New York.

37. The Court has jurisdiction over Defendant, because it transacts business within New York, and sells the Product to consumers within New York, through stores, in this State, to citizens of this State.

## VENUE

38. Venue is in this Court, because Plaintiff Codrington's residence is in New York County.

## PARTIES

39. Plaintiff Codrington is a consumer, not a merchant or re-seller.

40. Plaintiff Codrington is a citizen of New York.

41. Plaintiff Codrington is a resident of New York County, New York.

42. Defendant The Procter & Gamble Company is an Ohio corporation, with a principal place of business in Ohio.

43. Plaintiff is like many or most consumers, and prefers to get more of most things, i.e., gummies, fiber, etc., than less, for their money.

44. Plaintiff is like many or most consumers, and looks to, and/or cannot avoid viewing, the front label of consumer commodities and/or nutritional products, to see what they are buying, and/or to learn basic information about them, such as how many units, how much it contains, how long it will last at the recommended dosage, and/or what it contains, with respect to the substance they are purchasing.



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

45. Plaintiff is like many or most consumers of supplements, and/or vitamins, and thinks in terms of how many pieces, chewables, chewable tablets, capsules, gummies, bites, etc., are needed, to deliver the promised amount, of whatever is promoted on the front label.

46. Plaintiff is like most or many consumers, and is accustomed to the front label of packaging telling her how much a product contains, in terms that would be clearly understood.

47. Plaintiff expected that because the Product's front label promoted a certain number of gummies, seventy-two, and/or promised a specific amount or quantity of a substance, 5g of fiber, this meant each of the gummies would deliver the identified quantity and/or amount, of that substance.

48. Plaintiff read, was exposed to, relied on, and/or was caused to pay more money as a result of, the representations and/or omissions, including, "Metamucil," "Fiber Gummies," "5g of fiber per serving," and/or "72 Gummies," to mean each of the gummies would deliver five grams of fiber.

49. Plaintiff bought the Product, with the labeling and packaging identified here, at or around the above-referenced price.

50. Plaintiff purchased the Product, between August 2022 and June 2025, at stores, in New York.

51. Plaintiff paid more for the Product than she would have, had she known



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

(i) it required more than one gummy to obtain the 5g of fiber, promised on the front label, and/or (ii) the number of servings in the container were required to be divided by the number of gummies per serving, three, which meant it contained one-third as many, or twenty-four servings, as she would have paid less.

52. The Product was not "worthless" to Plaintiff, but worth less, than what Plaintiff paid, and she would not have paid as much, absent Defendant's false and misleading statements, and/or omissions.

53. Plaintiff obtained value from the Product, because it was a source of fiber, but seeks the cost difference between the Product, as presented, and as delivered.

54. The Product's features and/or attributes, when taken together, and/or utilized for the purpose of conjoint analysis, choice analysis, choice-based ranking, hedonic pricing, or other similar methods, impacted Plaintiff's purchasing choice, compared to similar products lacking its features and/or attributes.

## CLASS ALLEGATIONS

55. Plaintiff is a consumer, not a re-seller or merchant.

56. Plaintiff seeks to represent other consumers, in the class identified below, against a big business:

> Only citizens of New York, who purchased the Product, for personal consumption and/or use, in New York, during the statutes of limitations.



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

57. Plaintiff's claims are based upon New York's General Business Law ("GBL") §§ 349 and 350, passed by the legislature, to protect the New York public, and unsophisticated New York consumers, against large and sophisticated businesses.

58. Excluded from the Class are (i) Defendant, Defendant's board members, executive-level officers, members, attorneys, and immediate family, (ii) governmental entities, (iii) the Court, the Court's immediate family, and Court staff, (iv) any person that timely and properly excludes himself or herself from the Class, (v) non-citizens of New York, (vi) persons who bought the Product outside New York, (vii) persons who used or consumed the Product outside New York, (viii) persons who may be citizens of more than one state, and (ix) any persons who would otherwise be eligible to be a part of the Class, but seek to pursue statutory penalties, as opposed to actual damages.

59. Common questions of issues, law, and fact predominate, and include whether Defendant's representations were, and are misleading, and if Plaintiff and class members are entitled to damages.

60. Plaintiff's claims and basis for relief are typical to other members, because all were subjected to the same unfair, misleading, and/or deceptive representations, omissions, and/or actions.

61. Plaintiff is an adequate representative, because her interests do not



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

conflict with other members.

62. No individual inquiry is necessary, since the focus is only on Defendant's practices, and the class is definable and ascertainable.

63. Individual actions would risk inconsistent results, be repetitive, and/or are impractical to justify, as the claims are modest, relative to the scope of the harm.

64. The class is sufficiently numerous, because the Product is sold throughout the State, with the representations, omissions, packaging, and/or labeling identified here, in this State, to citizens of this State.

65. Plaintiff does not seek any penalty as a measure of damages.

66. To the extent required, Plaintiff waives recovery of any penalty as a measure of damages, and in the event persons wish to seek such penalties, they may opt-out of the proposed class.

67. Plaintiff's Counsel is competent and experienced in consumer class actions, and intends to protect class members' interests adequately and fairly.

## CAUSES OF ACTION

### COUNT I

New York General Business Law ("GBL") §§ 349 and 350

68. To the extent required, this section incorporates by reference other paragraphs, as necessary.

69. The purpose of the GBL is to protect New York consumers against unfair and deceptive practices.



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

70. This includes making New York's consumer protection and enforcement consistent with established policies of other jurisdictions relating to consumer protection.

71. The GBL considers false advertising, unfair acts, and deceptive practices, in the sale of consumer goods, to be unlawful.

72. Violations of the GBL can be based on (1) other laws and standards related or connected to consumer deception, (2) public policy, established through statutes, laws, or regulations, (3) principles of other jurisdictions, (4) decisions with respect to those principles, (5) any rules promulgated pursuant to acts designed to prevent deception in other jurisdictions, and/or (6) standards of unfairness and deception set forth and interpreted by other agencies, political organizations, entities, tribunals, and/or bodies, relating to regulatory provisions.

73. Defendant's false and deceptive representations and omissions, with respect to the Product's contents, origins, nutrient values, servings, ingredients, flavoring, taste, type, functionality, amount, quantity, and/or quality, were material in that they were likely to influence consumer purchasing decisions.

74. The packaging and labeling of the Product violated the GBL, because the representations, omissions, design, markings, and/or other elements, including, "Fiber Gummies," "5g of fiber per serving," and/or "72 Gummies," caused purchasers to expect each of the gummies would deliver five grams of fiber, and/or



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

purchasers to pay more, which was unfair and/or deceptive to consumers.

75. The packaging and labeling of the Product violated laws, statutes, rules, regulations, and/or norms, which prohibit unfair, deceptive, and/or unconscionable conduct, against the public.

76. The packaging and labeling of the Product violated the GBL, because the representations, omissions, design, markings, and/or other elements, including, "Fiber Gummies," "5g of fiber per serving," and/or "72 Gummies," caused purchasers to expect each of the gummies would deliver five grams of fiber, contrary to statutes and/or regulations, which prohibit consumer deception by companies in the labeling of commodities and/or nutritional products.

77. Plaintiff paid more for the Product, and would not have paid as much, if she knew (i) it required more than one gummy to obtain the 5g of fiber, and/or (ii) the number of servings in the container were required to be divided by the number of gummies per serving, three, which meant it contained one-third as many, or twenty-four servings.

78. Plaintiff seeks to recover for economic injury and/or loss she sustained, based on the misleading labeling and/or packaging of the Product, a deceptive practice under the GBL.

79. Plaintiff may produce evidence showing how she and consumers paid more than they would have paid for the Product, relying on Defendant's



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

representations, omissions, packaging, and/or labeling, using statistical and economic analyses, hedonic regression, hedonic pricing, conjoint analysis, choice-based conjoint analysis, choice-based ranking, and/or other advanced methodologies.

80. This means individual damages will be based on the value attributed to the challenged claims, practices, and/or omissions, a percentage of the total price paid, instead of the Product's total price.

81. This is the difference between what they paid based on its labeling, packaging, representations, statements, omissions, and/or marketing, and how much it would have been sold for, without the misleading labeling, packaging, representations, statements, omissions, and/or marketing, identified here.

82. This difference is typically between five ($0.05) and sixty cents ($0.60) per unit, a small fraction or percentage of the total price.

83. Plaintiff was caused to pay more than she would have paid for the Product, based on the identified misrepresentations and/or omissions.

84. Plaintiff suffered benefit of the bargain damages.

85. Plaintiff paid for seventy-two servings of fiber, each with five grams of fiber mg, but received one-third of this amount.

86. As a result of Defendant's misrepresentations and/or omissions, Plaintiff was economically injured, and/or caused to suffer economic or financial damages,



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

by payment of the above-identified price premium for the Product.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff seeks:

1. To declare this a proper class action, certifying Plaintiff as representative, and the undersigned as Counsel for the Class; and
2. Actual damages, but neither (1) a penalty, nor minimum measure of recovery created or imposed by statute, which may be prohibited, (2) full value damages, nor (3) punitive damages.

July 5, 2025

Respectfully submitted,

/s/ Spencer Sheehan

Sheehan & Associates PC
60 Cuttermill Rd Ste 412
Great Neck NY 11021
Tel (516) 268-7080
Fax (516) 234-7800
spencer@spencersheehan.com

Notice of Lead Counsel Designation

Lead Counsel for Plaintiff

Spencer Sheehan

Sheehan & Associates P.C.

Counsel for Plaintiff



This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## Certificate of Service

I certify, that on July 5, 2025, I served and/or transmitted the foregoing, by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

| | Electronic | Email | First-Class Mail | Fax |
|---|---|---|---|---|
| Defendant | ☐ | ☐ | ☐ | ☐ |
| Plaintiff | ☒ | ☐ | ☐ | ☐ |
| Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.